Li v. Lynch

BIA
Schoppert, IJ
A087 560 820

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> REENA RAGGI,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

ENKUI LI,
> *Petitioner,*

> v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

13-2196
NAC

_____

FOR PETITIONER:        David J. Rodkin, Esq., New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Cindy Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a

Board of Immigration Appeals ("BIA") decision, it is hereby

ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Enkui Li, a native and citizen of the People's Republic of China, seeks review of a May 8, 2013, decision of the BIA affirming an October 12, 2011, decision by an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Enkui Li*, No. A087 560 820 (B.I.A. May 8, 2013), *aff'g* A087 560 820 (Immig. Ct. N.Y. City Oct. 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA's decision. *Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Li's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his

2

statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on Li's demeanor and inconsistent testimony. We defer to the IJ's demeanor finding particularly where, as here, the IJ's observations "are supported by specific examples of inconsistent testimony."  *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).  As the agency found, Li testified that the authorities in China were not looking for him, but then testified that they came to his home frequently.  The agency reasonably rejected Li's explanation for the inconsistency--namely, that the government's questions were confusing.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Further, Li's testimony as to the date his wife was questioned by Chinese authorities was different from the date he included on his

3

asylum application.  As the inconsistencies called Li's testimony into question, the agency reasonably relied on the lack of any corroboration of Li's political activities as further undermining his credibility.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

Ultimately, the negative demeanor finding, the inconsistencies between the testimony and asylum application, and the lack of corroboration--all of which call into question whether the Chinese government is aware or likely to become aware of Li's political activities-- provide substantial evidence for the agency's adverse credibility determination.  *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to Li's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4